UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Jessica Tavarez, Anissa Blake, and Priscila Lopez,

Plaintiffs,

**COMPLAINT**

-against-

26-CV-7942

Navic Invest Group LLC d/b/a Taboo,
Simon V. Fedorov, as an individual,

Defendants.
------------------------------------------------------------------X

Plaintiffs Jessica Tavarez, Anissa Blake, and Priscila Lopez ("Plaintiffs"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants NAVIC INVEST GROUP LLC d/b/a TABOO and SIMON V. FEDOROV, as an individual, jointly and severally (collectively referred to herein as "Defendants"), allege:

**NATURE OF THE ACTION**

1. This action seeks to recover unpaid minimum wages, unpaid overtime wages, unpaid spread of hours pay, unlawfully withheld wages, statutory damages, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"), and damages for the filing of fraudulent information returns pursuant to 26 U.S.C. § 7434.

2. Defendants employed Plaintiffs as bartenders at a Manhattan bar and lounge and paid them next to nothing. Defendants paid Plaintiff Tavarez no wages at all. Defendants paid Plaintiffs Blake and Lopez nothing beyond sporadic shift payments of $50.00. Plaintiffs worked for gratuities.

3. Defendants also paid a portion of the wages of Plaintiffs Blake and Lopez in cash, off the books, and then filed wage and tax statements with the Internal Revenue Service that omitted those cash wages.

4. Defendants deprived Plaintiffs of the protections of the FLSA and the NYLL by failing to pay them the minimum wage, by failing to pay overtime, by failing to pay spread of hours compensation, by unlawfully withholding their wages, and by failing to furnish them with the wage notices and wage statements the law requires.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b), and over Plaintiffs' claims under 26 U.S.C. § 7434 pursuant to 26 U.S.C. § 7434(a).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the corporate defendant is located in the Southern District of New York and the causes of action arose there.

## THE PARTIES

**Plaintiff Jessica Tavarez**

9. Defendants employed Plaintiff Jessica Tavarez as a bartender from on or about October 1, 2024 through August 14, 2026.

10. Plaintiff Tavarez's duties were routine, non-exempt tasks, including the manual preparation and service of beverages, replenishing inventory, maintaining bar sanitation, and processing customer transactions, without the exercise of independent managerial discretion.

11. Defendants employed Plaintiff Tavarez one to three days per week, and she worked approximately ten to twenty-two hours per week.

12. Defendants paid Plaintiff Tavarez no wages at any time during her employment.

13. Plaintiff Tavarez's sole compensation consisted of gratuities she received directly from Defendants' customers, which amounted to between approximately $600.00 and $1,100.00 per week.

14. Defendants compensated Plaintiff Tavarez, to the extent they compensated her at all, in cash only, on a weekly basis.

15. Defendants never provided Plaintiff Tavarez with any notice concerning a tip credit under the FLSA or the NYLL.

16. At all times relevant to this action, Plaintiff Tavarez was individually engaged in commerce or in the production of goods for commerce on behalf of Defendants. Specifically, she processed credit card transactions.

**Plaintiff Anissa Blake**

17. Defendants employed Plaintiff Anissa Blake as a bartender from in or about 2022 until in or about 2025.

18. Plaintiff Blake's duties were routine, non-exempt tasks, including the manual preparation and service of beverages, replenishing inventory, maintaining bar sanitation, and processing customer transactions, without the exercise of independent managerial discretion.

19. Defendants employed Plaintiff Blake one to three days per week, and she worked approximately nine to thirty hours per week.

20. Defendants paid Plaintiff Blake no wages other than occasional shift payments of $50.00. Otherwise, her compensation consisted of gratuities she received directly from Defendants' customers.

21. Defendants compensated Plaintiff Blake in a combination of cash and check, weekly at first and every two weeks thereafter.

22. Defendants paid a portion of Plaintiff Blake's wages in cash and did not report those cash wages.

23. Defendants issued Plaintiff Blake wage and tax statements on Internal Revenue Service Form W-2 and filed those statements with the Internal Revenue Service.

24. Defendants never provided Plaintiff Blake with any notice concerning a tip credit under the FLSA or the NYLL.

25. At all times relevant to this action, Plaintiff Blake was individually engaged in commerce or in the production of goods for commerce on behalf of Defendants. Specifically, she processed credit card transactions.

**Plaintiff Priscila Lopez**

26. Defendants employed Plaintiff Priscila Lopez as a bartender from in or about June 2020 until in or about 2024.

27. Plaintiff Lopez's duties were routine, non-exempt tasks, including the manual preparation and service of beverages, replenishing inventory, maintaining bar sanitation, and processing customer transactions, without the exercise of independent managerial discretion.

28. Defendants employed Plaintiff Lopez five days per week, and she worked approximately fifty-five hours per week.

29. Defendants paid Plaintiff Lopez no wages other than occasional shift payments of $50.00. Otherwise, her compensation consisted of gratuities she received directly from Defendants' customers.

30. Defendants compensated Plaintiff Lopez in a combination of cash and check, weekly at first and every two weeks thereafter.

31. Defendants paid a portion of Plaintiff Lopez's wages in cash and did not report those cash wages.

32. Defendants issued Plaintiff Lopez wage and tax statements on Internal Revenue Service Form W-2 and filed those statements with the Internal Revenue Service.

33. Defendants never paid Plaintiff Lopez any premium compensation for the hours she worked in excess of forty per week.

34. Defendants never provided Plaintiff Lopez with any notice concerning a tip credit under the FLSA or the NYLL.

35. At all times relevant to this action, Plaintiff Lopez was individually engaged in commerce or in the production of goods for commerce on behalf of Defendants. Specifically, she processed credit card transactions.

**Defendants**

36. Defendant NAVIC INVEST GROUP LLC is a New York limited liability company with its principal place of business located at 408 8th Avenue, Floor 1, New York, New York 10001, in the Southern District of New York.

37. Defendant NAVIC INVEST GROUP LLC operates a bar and lounge under the trade name TABOO.

38. Defendant NAVIC INVEST GROUP LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including spirits, liquors, wine, beer,

mixers, cherries, olives, glassware, point of sale terminals, and credit card machines, and (2) an annual gross volume of sales in excess of $500,000.

39. NAVIC INVEST GROUP LLC is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs.

40. At all relevant times, NAVIC INVEST GROUP LLC has maintained control, oversight, and direction over Plaintiffs.

41. Defendant SIMON V. FEDOROV is an owner and/or officer of NAVIC INVEST GROUP LLC. He exercises sufficient control over the company's operations to be considered Plaintiffs' employer under the FLSA and the NYLL, including the authority to hire and fire, assign work, supervise employees, and maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at the company.

42. Defendant SIMON V. FEDOROV actually hired and terminated Plaintiffs, set their rates of pay, and assigned work to them.

43. The business activities of Defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

44. Defendants are covered by the Hospitality Industry Wage Order, 12 NYCRR Part 146.

**DEFENDANTS' FAILURE TO PAY MINIMUM WAGES**

45. Defendants suffered or permitted Plaintiffs to work and did not compensate them at the minimum wage required under the FLSA or New York law.

46. Defendants paid Plaintiff Tavarez no wage at all. Every hour she worked was an hour worked below the minimum wage.

47. Defendants paid Plaintiffs Blake and Lopez nothing beyond occasional shift payments of $50.00, which fell far below the minimum wage for the hours they worked.

48. Defendants never provided Plaintiffs with a notice concerning a tip credit under the FLSA or the NYLL, which forfeits the tip credit.

49. Because Defendants forfeited the tip credit, Defendants may not apply any portion of the gratuities Plaintiffs received toward Defendants' minimum wage obligation.

50. In any event, an employer may not satisfy its minimum wage obligation by directing an employee to work for gratuities alone.

**DEFENDANTS' FAILURE TO PAY OVERTIME**

51. Defendants suffered or permitted Plaintiff Lopez to work more than forty hours per week, without paying her premium overtime pay at the rate of time and one half for the hours she worked in excess of forty hours per week.

52. Plaintiff Lopez regularly worked approximately fifty-five hours per week, or approximately fifteen overtime hours each week.

**DEFENDANTS' UNLAWFUL WITHHOLDING OF WAGES**

53. Defendants withheld the entirety of the wages earned by and due to Plaintiffs, apart from the sporadic shift payments described above.

54. Defendants made no deduction authorized by law or consented to in writing by Plaintiffs, and no deduction was for the benefit of Plaintiffs.

**DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT**

55. The NYLL and the Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

56. Defendants failed to furnish Plaintiffs with wage notices as required by § 195(1) of the Labor Law.

57. The NYLL and the Wage Theft Prevention Act require employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

58. Defendants also failed to furnish Plaintiffs with accurate statements of wages, as required by § 195(3) of the Labor Law.

59. Defendants' failure to provide proper notices and wage statements impaired Plaintiffs' ability to seek relief for violations of the wage and hour law.

60. More specifically, Defendants' failure to provide proper notices and wage statements deprived Plaintiffs of the ability to know the wage rate to which they were entitled and the hours for which they were owed compensation. This prevented Plaintiffs from being able to know the precise amount of unpaid wages, thus depriving Plaintiffs of income for a longer period of time than if Plaintiffs were able to discern the underpayment by receiving an appropriate notice.

61. Defendants' failure to provide proper notices and wage statements caused Plaintiffs to suffer injury because Plaintiffs were not paid and were never advised of an entitlement to the minimum wage, to overtime compensation, or to spread of hours pay, thus impairing Plaintiffs' ability to advocate for lost wages under the FLSA and the NYLL.

62. Defendants' failure to provide proper notices and wage statements also prevented Plaintiffs from having an accurate record of wages, in case Plaintiffs wanted to apply for public benefits, bank loans, or credit cards.

## SPREAD OF HOURS PAY

63. Pursuant to the Hospitality Industry Wage Order, 12 NYCRR §§ 146-1.4 and 146-1.6, Defendants were required to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate for each day that the spread of hours they worked exceeded ten hours.

64. On days when Plaintiffs worked a spread of hours exceeding ten hours, Defendants failed to pay them an extra hour of pay at the basic minimum hourly wage rate.

65. Plaintiffs are entitled to spread of hours pay without regard to their regular rates of pay.

## DEFENDANTS' FILING OF FRAUDULENT INFORMATION RETURNS

66. Defendants paid a portion of the wages of Plaintiffs Blake and Lopez in cash.

67. Defendants issued Plaintiffs Blake and Lopez wage and tax statements on Internal Revenue Service Form W-2 for the years in which Defendants employed them, and filed those statements with the Internal Revenue Service.

68. The Forms W-2 that Defendants filed understated the compensation Defendants actually paid Plaintiffs Blake and Lopez, because Defendants omitted the wages they paid in cash.

69. Defendants knew the wage figures reported on those Forms W-2 were false when they filed them, because Defendants themselves paid the cash wages that the forms omitted.

70. Defendants filed the Forms W-2 willfully and with knowledge of their falsity, in order to conceal the true amount of wages Defendants paid and to avoid the tax and recordkeeping obligations that attend the payment of wages.

71. Plaintiffs Blake and Lopez were damaged by Defendants' filing of fraudulent information returns.

**FIRST CAUSE OF ACTION**
**(FLSA – Unpaid Minimum Wages)**

72. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

73. At all times relevant, Plaintiffs were "employees" within the meaning of 29 U.S.C. §§ 201 *et seq.*

74. At all times relevant, Defendants have been employers of Plaintiffs, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

75. Defendants have failed to pay Plaintiffs the minimum wages to which they are entitled under the FLSA.

76. Defendants forfeited the use of the tip credit, for the reasons set forth herein.

77. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

78. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

79. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

80. As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered damages by being denied the minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**(FLSA – Unpaid Overtime, as to Plaintiff Priscila Lopez)**

81. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

82. Defendants have failed to pay Plaintiff Lopez premium overtime pay, to which she is entitled under the FLSA.

83. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

84. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff Lopez.

85. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

86. As a result of Defendants' willful violations of the FLSA, Plaintiff Lopez has suffered damages by being denied premium overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**THIRD CAUSE OF ACTION**
**(NYLL – Unpaid Minimum Wages)**

87. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

88. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

89. At all times relevant, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

90. Defendants have failed to pay Plaintiffs the minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

91. Defendants were not entitled to claim any tip credit against Plaintiffs' wages because Defendants never provided Plaintiffs with the notice the NYLL requires.

92. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

93. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(NYLL – Unpaid Overtime, as to Plaintiff Priscila Lopez)**

94. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

95. Defendants have failed to pay Plaintiff Lopez premium overtime pay to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

96. Through their knowing or intentional failure to pay premium overtime pay to Plaintiff Lopez, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

97. Due to Defendants' willful violations of the NYLL, Plaintiff Lopez is entitled to recover from Defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**(NYLL § 193 – Unlawful Withholding of Wages)**

98. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

99. Article 6 of the New York Labor Law was enacted to strengthen and clarify the rights of employees to the payment of wages.

100. NYLL § 193 prohibits an employer from making any deduction from an employee's wages, or from withholding wages, except as expressly authorized by law or as consented to in writing by the employee for the employee's benefit.

101. NYLL § 193(5) provides that there is no exception to liability under that section for the unauthorized failure to pay wages, benefits, or wage supplements.

102. Defendants' wholesale failure to pay Plaintiffs their wages is therefore actionable under NYLL § 193.

103. Defendants withheld the entirety of the wages earned by and due to Plaintiffs, apart from the sporadic shift payments described above.

104. No deduction or withholding by Defendants was authorized by law, consented to in writing by Plaintiffs, or for Plaintiffs' benefit.

105. Due to Defendants' willful violations of NYLL § 193, Plaintiffs are entitled to recover the wages unlawfully withheld, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant to NYLL § 198.

**SIXTH CAUSE OF ACTION**
**(NYLL – Spread of Hours Pay)**

106. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

107. Defendants are covered by the Hospitality Industry Wage Order, 12 NYCRR Part 146.

108. Pursuant to 12 NYCRR §§ 146-1.4 and 146-1.6, Defendants were required to pay Plaintiffs one additional hour of pay at the basic minimum hourly wage rate for each day on which the spread of hours they worked exceeded ten hours.

109. Defendants failed to pay Plaintiffs spread of hours compensation.

110. Due to Defendants' willful violations of the NYLL and the supporting regulations, Plaintiffs are entitled to recover unpaid spread of hours pay, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notices)**

111. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

112. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by each Plaintiff as her primary language, containing each Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

113. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

114. Due to Defendants' violation of NYLL § 195(1), each Plaintiff is entitled to recover from Defendants damages of $5,000, plus reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

**EIGHTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

115. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

116. Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

117. Through their knowing or intentional failure to provide Plaintiffs with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

118. Due to Defendants' violation of NYLL § 195(3), each Plaintiff is entitled to recover from Defendants damages of $5,000, plus reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-d).

**NINTH CAUSE OF ACTION**
**(26 U.S.C. § 7434 – Fraudulent Filing of Information Returns,**
**as to Plaintiffs Anissa Blake and Priscila Lopez)**

119. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

120. 26 U.S.C. § 7434(a) provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

121. Defendants filed Forms W-2 with the Internal Revenue Service with respect to payments purported to be made to Plaintiffs Blake and Lopez.

122. Those Forms W-2 were fraudulent because they understated the wages Defendants actually paid Plaintiffs Blake and Lopez, omitting the portion of their wages that Defendants paid in cash.

123. Defendants filed those fraudulent information returns willfully and with knowledge of their falsity.

124. Pursuant to 26 U.S.C. § 7434(b), Plaintiffs Blake and Lopez are each entitled to recover the greater of $5,000 or the sum of any actual damages sustained as a proximate result of the filing of the fraudulent information returns, the costs of this action, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

A. declaring that Defendants have violated the minimum wage and overtime provisions of the FLSA and the supporting United States Department of Labor Regulations;

B. declaring that Defendants have violated the minimum wage, overtime, and spread of hours provisions of the NYLL and the supporting regulations;

C. declaring that Defendants have unlawfully withheld wages in violation of NYLL § 193;

D. declaring that Defendants have violated the Wage Theft Prevention Act;

E. declaring that Defendants have willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434;

F. declaring that Defendants' violations of the FLSA were willful;

G. declaring that Defendants' violations of the NYLL were willful;

H. awarding Plaintiffs damages for all unpaid wages;

I. awarding Plaintiff Lopez damages for all unpaid overtime wages;

J. awarding Plaintiffs damages for all unpaid spread of hours pay;

K. awarding Plaintiffs liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

L. awarding each Plaintiff damages of $5,000, plus reasonable attorneys' fees, and costs and disbursements of the action, as provided for by NYLL § 198(1-b);

M. awarding each Plaintiff damages of $5,000, plus reasonable attorneys' fees, and costs and disbursements of the action, as provided for by NYLL § 198(1-d);

N. awarding Plaintiffs Blake and Lopez damages pursuant to 26 U.S.C. § 7434(b);

O. awarding Plaintiffs pre-judgment and post-judgment interest under the FLSA and the NYLL;

P. awarding Plaintiffs reasonable attorneys' fees and costs pursuant to the FLSA, the NYLL, and 26 U.S.C. § 7434; and

Q. awarding such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
September 11, 2026

RAYMOND NARDO, P.C.

By: RAYMOND NARDO
55 Jericho Turnpike, Suite 205
Jericho, New York 11753
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiffs*